Filed 9/24/13  P. v. Reliford CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058274 |
| v. | (Super.Ct.No. FVI07304) |
| HUEY RELIFORD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Affirmed.

Patrick DuNah, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant, Huey Reliford, is serving six years plus 25 years to life after a jury convicted him as a third-striker in 1998 of burglarizing the home of a woman from his church.  Defendant appeals from the superior court's order denying his petition for recall

1

of sentence under Penal Code section 1170.126.[1]  As discussed below, we affirm the court's order.

<strong>FACTS AND PROCEDURE</strong>

In January of 1997, defendant burglarized the home of a woman who attended the church where he was a minister.  Defendant apparently broke the window from the outside, then reached to unlock the window.  Defendant's fingerprints were found on the broken glass inside the victim's apartment.

On September 21, 1998, a jury convicted defendant of first degree residential burglary (§ 459).  Also found true were allegations that defendant had a serious prior felony (§ 667, subd. (a)(1)), a one-year prison prior (§ 667.5, subd. (b)), two strike priors (§§ 667, subds. (b) – (i) & 1170.12, subds. (a) – (d)).

On July 2, 1999, the trial court sentenced defendant to five years for the serious prior felony, plus one year for the prison prior, to be followed by 25 years to life for the third strike.

On December 14, 2012, defendant filed a *pro per* petition for resentencing under section 1170.126.  On January 14, 2013, the superior court denied the petition because defendant did not satisfy the criteria in subdivision (e) that his current commitment offense not be for a serious felony listed in section 1192.7, subd. (c).  This appeal followed.

---

[1]  All section references are to the Penal Code unless otherwise indicated.

DISCUSSION

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief summary of the facts, and identifying one potential arguable issue: did the trial court err in denying defendant's petition for recall of sentence under Penal Code section 1170.126?

Defendant was offered an opportunity to file a personal supplemental brief, which he has done. Defendant sets forth two grounds for appeal. First, he asks this court to appoint "competent and willing counsel" to raise and litigate whether defendant should have been convicted of second degree burglary rather than first degree burglary, given that the victim, according to defendant "was terminally ill, and had went to Las Vegas to be with her son in her final days and had told church members that she wasn't likely to return." Defendant claims his trial counsel declined to raise this issue because his knowledge that the victim was out of town might make him look guilty in the eyes of the jury. This appears to us to be a matter of trial tactics and strategy, which we will not second-guess, even if it were a proper subject for this appeal. (*People v. Davenport* (1995) 11 Cal.4th 1171, 1237.)

Defendant's second ground for appeal is that he is actually innocent and has recently obtained new evidence that would boost his claim to police that he had touched and left fingerprints on the window at the victim's apartment on an occasion other than during the burglary. Because this "new evidence" is outside the record on appeal, it

should be brought in a petition for writ of habeas corpus.  (*In re Richards* (2012) 55 Cal.4th 948.)

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The trial court's ruling denying defendant's petition for recall of resentence under section 1170.126 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

KING
J.

4